**Jeffrey Dwayne ROGERS,**
**Petitioner–Appellant,**

v.

**Martin McDADE, Superintendent;**
**North Carolina Department of Correc-**
**tion, Respondents–Appellees.**

No. 00–7823.

United States Court of Appeals,
Fourth Circuit.

Submitted Sept. 28, 2001.

Decided Oct. 15, 2001.

Jeffrey Dwayne Rogers, pro se. Clarence Joe DelForge, III, Office of the Attorney General of North Carolina, Raleigh, NC, for appellees.

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

OPINION

PER CURIAM.

Jeffrey Dwayne Rogers seeks to appeal the district court's order granting summary judgment to Respondent and denying his petition under 28 U.S.C. § 2254 (1994) (current version at 28 U.S.C.A. § 2254 (West 1994 & Supp.2001)). In his petition, Rogers alleged that his attorney failed to advise him of his right to appeal and failed to file an appeal on his behalf. In determining this claim to be meritless, the district court found presumptively correct the state post conviction court's factual finding that counsel advised Rogers of his right to appeal but Rogers declined to exercise it. The record discloses that the post conviction court resolved the parties' conflicting accounts by crediting counsel's affidavit without an evidentiary hearing.

We find that the district court should have conducted an evidentiary hearing on this issue rather than defer to the state court's factual findings because Rogers did not receive a full, fair, and adequate hearing in the state court proceedings. *See* 28 U.S.C. § 2254(d)(6) (1994); *see also Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). We therefore vacate and remand in part for further proceedings with regard to the issue of whether counsel advised Rogers of his right to appeal. As to the remaining issues raised by Rogers, we find no error by the district court and affirm. *Rogers v. McDade,* No. CA–96–15–4–MU (W.D.N.C. filed Nov. 27, 2000; entered Nov. 30, 2000). We note that the district court granted

Rogers' request for a certificate of appealability. However, such a certificate is not necessary because this § 2254 petition was filed prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Mueller v. Angelone,* 181 F.3d 557, 565–66 (4th Cir.), *cert. denied,* 527 U.S. 1065, 120 S.Ct. 37, 144 L.Ed.2d 839 (1999). To the extent it is necessary, we grant a certificate of probable cause. *See* 28 U.S.C. § 2253 (1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART.*